# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID T. CLENNEY | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-10-1314 |
| REX W. COFFEY | * | |
| Defendant | * | |

***

## MEMORANDUM

Pending is Defendant's Response to Show Cause. Paper No. 4. Plaintiff has filed an amended Complaint in addition to a reply. Papers No. 5, 6 and 7. The complaint seeks injunctive relief only. Defendant's response addresses the sole relief sought and, in light of Plaintiff's amended Complaint and reply addressing Defendant's allegations, notice pursuant to *Roseboro*[1] is waived.

## Background

Plaintiff filed the above-captioned complaint alleging he is unrepresented by counsel in a pending criminal matter and he was being denied access to the law library at the Charles County Detention Center. Paper No. 1. The Court issued an Order to Show Cause why Plaintiff should not be granted injunctive relief.

Defendant states that Plaintiff's access to the law library was delayed, not denied. Paper No. 4. Plaintiff was assigned to the Men's Classification Unit upon arrival at the Detention Center because newly arrived inmates are segregated until it is determined if they are affiliated with any gangs or have co-defendants or enemies present in the detention center. *Id.* at Attachment 6. In addition, Defendant states a public defender, Elizabeth Francewitz, met with

---
[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Plaintiff on May 20, 2010, and another public defender, Caprisha Greene, entered her appearance in Plaintiff's criminal case on June 3, 2010. *Id*. at Attachments 3 and 4.

Plaintiff admits he now has access to the law library, but complains he must use the library during his recreation period and that he is not afforded enough time. Paper No. 5. His requests for more time in the library have been denied because he is not scheduled for court within 30 days of the date he requested more time. Plaintiff also maintains that he is unrepresented by counsel because he will not consent to representation by the publice defender's office unless he first meets with the attorney who is representing him. Paper No. 6 at p. 3. Plaintiff states that the public defender's office has not replied to his requests for information or advice. In a document dated June 23, 2010, and filed with this court on June 24, 2010, Plaintiff states the public defender's office "has made no contact with [him] as of June 22, 2010." *Id*.

Plaintiff further claims that he should be transferred back to federal custody because he has hepatitis C which is being treated with interferon. *Id*. He claims if he is not sent back to federal custody soon he will be denied this treatment both because it is expensive and his release date is at the end of this year.[2] Finally he asserts that the pending criminal charges against him are unlikely to result in "a sustainable, legal conviction." *Id*. at p. 8.

### Standard of Review

As a preliminary injunction affords an extraordinary remedy prior to trial relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that, he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities

---

[2] Plaintiff claims that his denial of access to the law library jeopardizes his health presumably because he believes if he has more access to the library he will resolve the pending criminal charges more quickly and be transferred back to federal custody. Paper No. 5. Absent from Plaintiff's analysis is any consideration for the state court's criminal docket and how his legal research may impact on the scheduling matters left to that court's administration.

tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ---, 129 S.Ct. 365, 374-376 (2008). The previous Fourth Circuit balance-of-hardship test set out in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1997) is no longer to be applied when granting or denying preliminary injunctions, as the standard articulated in *Winter* governs the issuance of such emergency relief. *See Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F. 3d 342 (4th Cir. 2009).

**Analysis**

It is clear from the record that Plaintiff is not likely to succeed on the merits of any claim regarding access to courts. "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.' *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), *quoting Lewis v. Casey*, 518 U.S. 343, 355 (1996). "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. The only thing impaired in this instance is Plaintiff's desire to spend unfettered time researching his case. His insistence that counsel has not provided him with proper representation is belied by his own assertions. A brief break in communications with counsel does not constitute abandonment, nor does it warrant a presumption that Plaintiff is left to fend for himself against the criminal charges against him.

With respect to the temporary denial of access to the law library, Plaintiff suffered no actual injury and the delay in access was due to legitimate security concerns.[3] Plaintiff is not

---

[3] Plaintiff states no background information is gathered on inmates confined to the intake unit and provides a document stating as much from a detention center employee. The same document, however, states that inmates on

currently receiving as much time as he would like in the law library, but Defendant is not required to accommodate his desire to supplement the services of the public defender's office with research. Plaintiff has failed to establish that he is entitled to injunctive relief. The Complaint and the Amended Complaint seek only injunctive relief. Accordingly, by separate Order which follows, the Complaint shall be dismissed.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

July 8, 2010

---

intake are segregated from general population for security reasons. The general purpose of the policy is clearly security based and is not intended as an unnecessary burden on access to courts.